OPINION
{¶ 1} Appellant, Dedra Jackson, appeals from the April 19, 2002 judgment entry of the Ashtabula County Court of Common Pleas, in which she was sentenced for possession of crack cocaine.
 {¶ 2} On April 4, 2001, appellant was indicted by the Ashtabula County Grand Jury on one count of possession of crack cocaine, a felony of the third degree, in violation of R.C. 2925.11(A) and (C)(4)(c). On April 10, 2001, appellant entered a not guilty plea at her arraignment. On April 13, 2001, appellant filed a motion to suppress, and appellee, the state of Ohio, filed its response on June 13, 2001. On November 1, 2001, a suppression hearing was held in which the trial court overruled appellant's motion.
 {¶ 3} A jury trial commenced on February 11, 2002. At the close of appellee's case, appellant's counsel moved for an acquittal pursuant to Crim.R. 29 which was overruled by the trial court. At the close of appellant's case, appellant's counsel renewed the Crim.R. 29 motion which was again overruled by the trial court. On February 12, 2002, the jury returned a verdict of guilty.
 {¶ 4} The facts emanating from the record are as follows: On February 13, 2001, members of the Ashtabula City Police Department ("ACPD") and the Ashtabula County SWAT team ("SWAT team") conducted a search of appellant's home, located at 910 West 48th Street in Ashtabula, Ohio. Detective Robert James Pouska, Sr. ("Detective Pouska") testified that about one or two weeks prior to the search, the ACPD conducted an investigation of suspected narcotics activity at appellant's residence. Detective Pouska obtained a search warrant for said residence from Judge Camplese of the Ashtabula Municipal Court on February 13, 2001, to search for drugs and drug related items. Prior to the execution of the warrant, Detective Pouska determined that appellant was the renter of that property.
 {¶ 5} At approximately 7:00 p.m. on February 13, 2001, Detective Pouska, along with other members of the ACPD, Detective James D. Oatman, Jr. ("Detective Oatman"), Detective Joseph Cellitti ("Detective Cellitti"), Captain Varckette, and Officer Dave Clemens, as well as members of the SWAT team, effectuated the search warrant. Upon entering appellant's home, four adults, Ebony Jackson, Tony Cooper, Kenny Curry ("Curry"), and Desmond Tripland, and one infant were present. Detective Pouska interviewed the four adults and determined that of the four, only Curry lived at the residence. Appellant, however, was not at her home at the time the search was conducted.
 {¶ 6} Detective Cellitti searched the upstairs of appellant's home while Detective Pouska interviewed the occupants. According to Detective Cellitti, there were at least two bedrooms in appellant's house. Detective Cellitti testified that he discovered plastic baggies containing what appeared to be crack cocaine in two pairs of rolled up socks during his search of the top drawer of a dresser located in one of the bedrooms. At that time, Detectives Cellitti, Pouska, and Oatman conducted a further search of that bedroom. Detective Oatman testified that he found and photographed bills from Alltel, Adelphia, and K-Mart, as well as correspondences from the Madison Correctional Institute and from the Buckeye State Credit Union, which were all addressed to appellant at her residence.
 {¶ 7} Michael Velten ("Velten"), a forensic scientist with the Bureau of Criminal Investigation and Identification ("BCI") conducted an analysis of the discovered drugs. Velten concluded that the substance found in one pair of socks contained 6.23 grams of crack cocaine and the substance in the other pair of socks contained 1.32 grams of crack cocaine, which totaled 7.55 grams.
 {¶ 8} Appellant was the sole testifying witness for the defense. According to appellant, there are three bedrooms in her home. Appellant stated that two other adults, Curry and Akiya Jackson, were listed on her lease as household members, and one infant, Miniya Jackson ("Miniya"), appellant's niece, also resided at the home. Appellant claimed that the bedroom where the drugs were found was Miniya's room as well as a common room used by everyone in the home. According to appellant, she would occasionally sleep in Miniya's bedroom. Appellant denied any knowledge of the drugs. Appellant further testified that she previously pleaded guilty in 1994, to three counts of aggravated drug trafficking and participated in drug treatment through the Monday Program in Dayton, Ohio.
 {¶ 9} A sentencing hearing was held on April 19, 2002. Pursuant to its April 19, 2002 judgment entry, the trial court sentenced appellant to one year in prison plus court costs, as well as suspended her driver's license for six months. Appellant filed a timely notice of appeal on May 20, 2002, and makes the following assignments of error:
 {¶ 10} "[1.] The trial court erred to the prejudice of [appellant] when it returned a verdict of guilty against the manifest weight of the evidence.
 {¶ 11} "[2.] The trial court erred to the prejudice of [appellant] in denying the motions for judgment of acquittal pursuant to [Crim.R. 29]."
 {¶ 12} In her first assignment of error, appellant argues that a verdict of guilty to the charge in this case was against the manifest weight of the evidence.
 {¶ 13} As this court stated in State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13-15:
 {¶ 14} "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 {¶ 15} "`"(***)(T)he test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiryabout due process. It raises a question of law, the resolution of whichdoes not allow the court to weigh the evidence. ***"'
 {¶ 16} "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' *** `(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' ***" (Emphasis sic.) (Citations omitted.)
 {¶ 17} A reviewing court must look to the evidence presented to assess whether the state offered evidence on each statutory element of the offense, so that a rational trier of fact may infer that the offense was committed beyond a reasonable doubt. State v. March (Jul. 16, 1999), 11th Dist. No. 98-L-065, 1999 Ohio App. LEXIS 3333, at 8. The evidence is to be viewed in a light most favorable to the prosecution when conducting this inquiry. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Further, the verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. State v. Dennis (1997),79 Ohio St.3d 421, 430.
 {¶ 18} In Schlee, supra, at 14-15, we also stated that: "`[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 {¶ 19} "`In determining whether the verdict was against the manifest weight of the evidence, "(***) (t)he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (***)"' (Citations omitted.) ***." (Emphasis sic.)
 {¶ 20} A judgment of a trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 21} R.C. 2925.11 provides in pertinent part:
 {¶ 22} "(A) No person shall knowingly obtain, possess, or use a controlled substance.
 {¶ 23} "***
 {¶ 24} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 25} "***
 {¶ 26} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
 {¶ 27} "***
 {¶ 28} "(c) If the amount of the drug involved *** equals or exceeds five grams but is less than ten grams of crack cocaine, possession of cocaine is a felony of the third degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree."
 {¶ 29} R.C. 2925.01(K) states that "`[p]ossess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 30} "Possession does not require actual physical possession; constructive possession will suffice." State v. Ramirez, 10th Dist. No. 01AP-859, 2002-Ohio-4298, at ¶ 25, citing State v. Wolery (1976),46 Ohio St.2d 316, 329. This court stated in Mentor v. Welch, 11th Dist. No. 2002-L-011, 2002-Ohio-6589, at ¶ 8, that "[c]onstructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87. *** The [s]tate may prove dominion and control solely through circumstantial evidence. State v. Trembly (2000), 137 Ohio App.3d 134, 141." (Parallel citations omitted.) "`Whether a defendant was aware that he probably possessed a controlled substance is a question of fact to be determined by the trier of fact based on the totality of the circumstances.'" Ramirez, supra, at ¶ 25, quoting State v. Jones
(Jan. 10, 1990), 1st Dist. No. C-880620, 1990 Ohio App. LEXIS 18, at 2.
 {¶ 31} In the case sub judice, although appellant alleges a manifest weight argument, it appears that she is challenging the sufficiency of the evidence. Appellant contends that there was a lack of evidence to prove beyond a reasonable doubt that she had possession of crack cocaine. Appellant stresses that she was not present at her home during the search. Appellant argues that the testimony of Detectives Pouska and Cellitti merely speculates that appellant would likely have had control over the crack cocaine based on the bills and letters addressed to her which were found in the bedroom as well as the belief that it was her bedroom. Thus, appellant contends that the evidence supporting the state's theory of the case relies on an assumption that she had constructive possession of the drugs. As such, appellant alleges that the jury clearly lost its way by finding her guilty of possession of crack cocaine. We disagree.
 {¶ 32} The jury heard appellant's testimony in which she alleged that the drugs were found in Miniya's bedroom, that she would occasionally sleep in Miniya's bedroom, and that she had no knowledge of the drugs or the testimony of all three detectives. Detective Pouska testified that he determined that appellant leased the residence where the drugs were found. Detective Cellitti stated that he discovered crack cocaine in two pairs of rolled up socks in the top drawer of a dresser located in one of the bedrooms. Also, according to Detective Oatman, he found and photographed bills and correspondences addressed to appellant which were laying on the bed in the bedroom where the crack cocaine was found. Pursuant to R.C. 2925.11(A) and (C)(4)(c) and Welch, supra, the state proffered credible evidence to demonstrate that appellant had constructive possession of the crack cocaine at issue. As such, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. Therefore, based on Schlee andThompkins, supra, the jury did not clearly lose its way in convicting appellant. Thus, appellant's first assignment of error is without merit.
 {¶ 33} In her second assignment of error, appellant alleges that the trial court erred in denying her Crim.R. 29 motion for acquittal when the state failed to prove beyond a reasonable doubt that she possessed the drugs in question.
 {¶ 34} This court stated in State v. Bell (1994),97 Ohio App.3d 576, 579: "It is well settled that a motion for judgment of acquittal should be granted only where reasonable minds could not fail to find reasonable doubt. State v. Bridgeman (1978), 55 Ohio St.2d 261,264. A court cannot enter a judgment of acquittal where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of the crime has been proven beyond a reasonable doubt. State v. Apanovitch (1987), 33 Ohio St.3d 19, 23."
 {¶ 35} We also stated in State v. Freeman, 11th Dist. No. 2001-A-0053, 2002-Ohio-3366, at ¶ 6: "A Crim.R. 29 motion for acquittal challenges the sufficiency of the evidence presented. State v.Talley (Sept. 25, 1998), 11th Dist. No. 97-L-169, 1998 Ohio App. LEXIS 4526. A sufficiency of the evidence argument challenges whether the prosecution presented evidence for each element of the charged offense, allowing the matter to go to the jury. State v. Rhodes, 11th Dist. No. 2000-L-089, 2001-Ohio-8693, citing State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13. Upon appeal, the test for sufficiency of evidence is whether, after viewing the probative evidence and the inference drawn from it, in the light most favorable to the prosecution, any rational trier of fact could find that all of the elements of the charged offense were proven beyond a reasonable doubt.State v. Jones, 91 Ohio St.3d 335, 2001-Ohio-55; State v. Jenks (1991),61 Ohio St.3d 259, *** paragraph two of the syllabus. Sufficiency is a test of adequacy. An appellate court cannot reverse a verdict if there exists sufficient evidence in which the jury could reasonably find that all the elements of the offenses charged were proven beyond a reasonable doubt. Schlee, supra, at 14, citing State v. Eley (1978),56 Ohio St.2d 169, *** syllabus; see, also, State v. DeHass (1967),10 Ohio St.2d 230 ***." (Parallel citations omitted.)
 {¶ 36} In the case at bar, appellant alleges that the trial court should have granted her motion for acquittal after hearing testimony which failed to establish that she had possession of the illegal drugs. Appellant argues that the state could not refute the evidence that there were other adults living in the home and that all of the adults had access to the bedroom where the drugs were discovered. Appellant contends that the state could not produce the evidence necessary to show that she had possession or constructive possession of the drugs. We disagree.
 {¶ 37} Based on the foregoing testimony of Detectives Pouska, Cellitti, and Oatman, the state proffered sufficient, credible evidence to show that appellant knowingly had constructive possession of 7.55 grams of crack cocaine in violation of R.C. 2925.11(A) and (C)(4)(c). As such, after reviewing the testimonial evidence in a light most favorable to the prosecution, any rational trier of fact could reasonably determine that appellant had constructive possession of the crack cocaine which was discovered at her residence. Therefore, based on Bell, supra, the trial court did not err in denying appellant's motion for acquittal. Thus, appellant's second assignment of error is without merit.
 {¶ 38} For the foregoing reasons, appellant's assignments of error are not well taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
Judgment affirmed.
William M. O'Neill and Diane V. Grendell, JJ., concur.