OPINION
{¶ 1} Colleen M. Olekshuk appeals from the judgment of the Ashtabula County Common Pleas Court, entered on a jury verdict convicting her of aggravated possession of drugs. She also appeals from the trial court's judgment entry of sentence. We reverse.
 {¶ 2} On July 10, 2003, Detective Scott Daniels ("Daniels") of the Trumbull, Ashtabula, and Geauga Law Enforcement Task Force ("TAG") was investigating the theft of anhydrous ammonia from a Trumbull County farm. Daniels received a tip regarding a truck that may have been involved in the theft. A records check revealed the truck in question was registered to Greg McFarland.
 {¶ 3} TAG officers attempted to find McFarland. They eventually received information that McFarland might be found at the residence of Larry Gross in North Kingsville. Officers went to Gross' residence and found McFarland's truck there. Daniels and other officers knocked on the door of the residence and initially received no response. While they waited, other officers verified the truck was McFarland's by running the license plate. They also did a records check on a motorcycle parked in the yard and learned it had been reported stolen.
 {¶ 4} Appellant eventually answered the door. The officers told appellant they were looking for McFarland. Appellant stated she had not seen him in a couple of days. Daniels asked if the officers might look around the house. Appellant told the officers to wait, went back inside, and closed the door. Appellant returned, told the officers she was Gross' girlfriend, and could not give permission to enter the house.
 {¶ 5} The officers told appellant they had discovered the stolen motorcycle and asked her and everyone inside the house to come out to the front porch. Appellant and two young men exited the house. Daniels then went to secure a search warrant for the house. Other officers secured the house and appellant and the two young men were told they were free to leave.
 {¶ 6} Officers then entered the house by means of a sliding glass door that led to the basement. When officers entered the house, they were overcome by a strong odor of ammonia. The officers exited the house because they did not have the proper equipment or training to handle the situation, which they believed to be a methamphetamine lab. The officers called for assistance and obtained a second search warrant.
 {¶ 7} DEA agents and Ashtabula County Sheriff's Deputy Tony Mino entered the house and ventilated it. After the house had been ventilated, TAG officers entered and found chemicals and other items used to manufacture methamphetamine, including propane tanks that had been altered to store anhydrous ammonia (one of which was leaking), Mason jars with a white residue, a Tupperware container that contained 46.01 grams of methamphetamine, lithium batteries, and pseudoephedrine pills. Officers also recovered two police scanners, a television monitoring system, and two gas masks.
 {¶ 8} Appellant and Gross were subsequently charged in a ten count indictment. Relevant to this appeal, appellant was indicted for: illegal manufacture of drugs, R.C. 2925.04(A), a second degree felony under subsection (C)(2) (Count Six); aggravated possession of drugs, R.C. 2925.11(A), a second degree felony under subsection (C)(1)(c), (Count Seven); receiving stolen property, R.C. 2913.51(A), a fifth degree felony, (Count Nine); and aggravated possession of drugs, R.C. 2925.11(A), a fifth degree felony under subsection (C)(1)(a) (Count Ten).
 {¶ 9} Appellant pleaded not guilty and the matter proceeded to jury trial. The trial court granted the state's motion to dismiss Count Ten and appellant's motion to dismiss Count Six. The trial court also granted appellant's Crim. R. 29 motion as to Count Nine. The trial court denied appellant's Crim. R. 29 motion as to Count Seven. The jury ultimately found appellant guilty on this count. Appellant moved for a new trial; the trial court denied this motion. Following a hearing, the trial court sentenced appellant to serve two years in prison, suspended her driver's license for six months, and fined her $7,500.
 {¶ 10} Appellant filed a timely appeal raising three assignments of error:
 {¶ 11} "[1.] The trial court erred to the prejudice of [d]efendant-[a]ppellant in overruling [d]efendant-[a]ppellant's Criminal Rule 29 [m]otion for [a]cquittal."
 {¶ 12} "[2.] The trial court erred to the prejudice of [d]efendant-[a]ppellant in overruling [d]efendant-[a]ppellant's [m]otions for [m]istrial."
 {¶ 13} "[3.] The trial court erred in sentencing indigent [d]efendant-[a]ppellant to pay a fine."
 {¶ 14} In her first assignment of error, appellant argues there was insufficient evidence to sustain her conviction for aggravated possession of drugs.
 {¶ 15} "A sufficiency argument tests whether the state has presented evidence on each element of the offense." State v. Driesbaugh,
2002-P-0017, 2003-Ohio-3866, at ¶ 36, citing State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13.
 {¶ 16} "We must determine whether, viewing the probative evidence and inferences drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found proof of each element of the offense beyond a reasonable doubt. This presents a question of law and the court is not permitted to weigh the evidence." (Internal citations omitted.) Driesbaugh, supra, at ¶ 37.
 {¶ 17} Appellant was convicted under R.C. 2925.11(A) and (C)(1)(c). These sections provide:
 {¶ 18} "(A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 19} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 20} "(1) If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, and hashish, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:
 {¶ 21} "* * *.
 {¶ 22} "* * *.
 {¶ 23} "(c) If the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated possession of drugs is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree."
 {¶ 24} R.C. 2925.01(K) provides "`Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 25} In State v. Jackson, 11th Dist. No. 2002-A-0039, 2003-Ohio-5863, we held that "`[p]ossession does not require actual physical possession; constructive possession will suffice." Id. at ¶ 30 quoting State v.Ramirez, 10th Dist. No. 01AP-859, 2002-Ohio-4298, at ¶ 25. Constructive possession exists when a person knowingly exercises dominion and control over an object, even though the object may not be within his immediate physical possession. Id. citing Mentor v. Welch, 11th Dist. No. 2002-L-011, 2002-Ohio-6589, at ¶ 8.
 {¶ 26} Appellant argues the state failed to present any evidence to establish she had possessed the 46.01 grams of methamphetamine found in the basement. In support of her argument, she points to evidence that the basement where the drugs were found was inaccessible to her because it was kept locked. She also directs us to the lack of evidence that she was ever in the basement. Specifically she directs us to the testimony of Carrie Varner (McFarland's girlfriend), and others who testified they never saw appellant in the basement of the house. Appellant also points out that the Tupperware container was never checked for fingerprints.
 {¶ 27} The state argues it presented evidence to establish appellant lived in the house with Gross; that she had on prior occasions smoked methamphetamine in the house; was there when methamphetamine was made; and was known to have been involved in the production of the drug.
 {¶ 28} While the state may prove possession by circumstantial evidence, see, Jackson, supra at ¶ 30, it has not done so in this case. The state was required to present some evidence from which a jury could reasonably conclude appellant possessed the 46.01 grams of methamphetamine on which her conviction was based. The state failed to present any evidence to establish appellant had been in the basement of the residence or in the proximity of the 46.01 grams of methamphetamine found in the Tupperware container. The fact that appellant lived in the house, standing alone, is insufficient to establish possession. R.C. 2925.01(K). Even assuming appellant had smoked methamphetamine in the house on prior occasions, this evidence established only that at some undetermined time, appellant had possessed some undetermined and unidentified quantity of methamphetamine. Contrary to the state's contention, a review of the record shows it failed to establish appellant was in the house when any methamphetamine was produced, let alone the 46.01 grams at issue in this case. Finally, even assuming the state established appellant was known to be involved in the production of methamphetamine, this fact does not establish appellant was involved in the production of the methamphetamine she was charged with possessing.
 {¶ 29} Even viewing the evidence in the light most favorable to the state, there was insufficient evidence from which a reasonable trier of fact could have found appellant possessed, i.e., knowingly exercised dominion and control over the 46.01 grams of methamphetamine. For the foregoing reasons appellant's first assignment of error has merit.
 {¶ 30} Our decision with respect to appellant's first assignment of error renders her remaining assignments of error moot.
 {¶ 31} For the foregoing reasons the judgment of the Ashtabula County Court of Common Pleas is reversed, and judgment is entered for appellant.
O'Toole, J., concurs, O'Neill, J., dissents with Dissenting Opinion.