OPINION
{¶ 1} Larry D. Gross appeals from the judgment of the Ashtabula County Common Pleas Court, entered on a jury verdict convicting him of aggravated possession of drugs and illegal assembly or possession of chemicals for the manufacture of drugs. We affirm.
 {¶ 2} On July 10, 2003, Detective Scott Daniels ("Daniels") of the Trumbull, Ashtabula, and Geauga Law Enforcement Task Force ("TAG") was investigating the theft of anhydrous ammonia from a Trumbull County farm. Daniels received a tip regarding a truck that may have been involved in the theft. A records check revealed the truck in question was registered to Greg McFarland.
 {¶ 3} TAG officers attempted to find McFarland. They eventually received information that McFarland might be found at appellant's residence in North Kingsville. Officers went to appellant's residence and found McFarland's truck there. Daniels and other officers knocked on the door of the residence and initially received no response. While they waited, other officers verified the truck was McFarland's by running the license plate. They also did a records check on a motorcycle parked in the yard and learned it had been reported stolen.
 {¶ 4} Eventually, appellant's girlfriend, Colleen Olekshuk ("Olekshuk") answered the door. The officers told Olekshuk they were looking for McFarland. She stated she had not seen him in a couple of days. Daniels asked if the officers might look around the house. Olekshuk told the officers to wait, went back inside, and closed the door. Olekshuk returned, told the officers she was appellant's girlfriend, and could not give permission to enter the house.
 {¶ 5} The officers told Olekshuk they had discovered the stolen motorcycle and asked her and everyone inside the house to come out to the front porch. Olekshuk and two young men exited the house. Daniels then went to secure a search warrant for the house. Other officers secured the house and Olekshuk and the two young men were told they were free to leave.
 {¶ 6} Officers then entered the house by means of a sliding glass door that led to the basement. When officers entered the house, they were overcome by a strong odor of ammonia. The officers exited the house because they did not have the proper equipment or training to handle the situation, which they believed to be a methamphetamine lab. The officers called for assistance and obtained a second search warrant.
 {¶ 7} DEA agents and Ashtabula County Sheriff's Deputy Tony Mino entered the house and ventilated it. After the house had been ventilated, TAG officers entered and found chemicals and other items used to manufacture methamphetamine, including propane tanks that had been altered to store anhydrous ammonia (one of which was leaking), Mason jars with a white residue, a Tupperware container that contained 46.01 grams of methamphetamine, lithium batteries, and pseudoephedrine pills. Officers also recovered two police scanners, a television monitoring system, and two gas masks.
 {¶ 8} Olekshuk and appellant were subsequently charged in a ten count indictment. Relevant to this appeal, appellant was indicted for: illegal manufacture of drugs, R.C. 2925.04(A), a second degree felony under subsection (C)(2) (Count One); aggravated possession of drugs, R.C.2925.11(A), a second degree felony under subsection (C)(1)(c), (Count Two); illegal assembly or possession of chemicals for the manufacture of drugs, R.C. 2925.041, a third degree felony, (Count Three); receiving stolen property, R.C. 2913.51(A), a fifth degree felony, (Count Four); aggravated possession of drugs, R.C. 2925.11(A), a fifth degree felony under subsection (C)(1)(a) (Count Five); and illegal assembly or possession of chemicals for the manufacture of drugs, R.C. 2925.041, a third degree felony (Count Eight).
 {¶ 9} Appellant pleaded not guilty and the matter proceeded to jury trial. The trial court granted the state's motion to dismiss Counts Five and Eight and appellant's motion to dismiss Count One. The trial court also granted appellant's Crim.R. 29 motion as to Count Four. The trial court denied appellant's Crim.R. 29 motion as to Counts Two and Three. The jury ultimately found appellant guilty on these counts. Following a hearing, the trial court sentenced appellant to serve five years in prison on Count Two and three years in prison on Count Three, with the sentences to be served concurrently. The court also suspended appellant's driver's license for six months, and fined him $7,500.
 {¶ 10} Appellant filed a timely appeal raising two assignments of error:
 {¶ 11} "[1.] The trial court erred to the prejudice of appellant by overruling appellant's [Crim.R. 29] motion for acquittal."
 {¶ 12} "[2.] The trial court erred to the prejudice of appellant in overruling appellant's motion for a mistrial."
 {¶ 13} In his first assignment of error, appellant argues there was insufficient evidence to sustain his conviction for aggravated possession of drugs.[1]
 {¶ 14} "A sufficiency argument tests whether the state has presented evidence on each element of the offense." State v. Driesbaugh,
2002-P-0017, 2003-Ohio-3866, at ¶ 36, citing State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13.
 {¶ 15} "We must determine whether, viewing the probative evidence and inferences drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found proof of each element of the offense beyond a reasonable doubt. This presents a question of law and the court is not permitted to weigh the evidence." (Internal citations omitted.) Driesbaugh, supra, at ¶ 37.
 {¶ 16} Appellant was convicted under R.C. 2925.11(A) and (C)(1)(c). These sections provide:
 {¶ 17} "(A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 18} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 19} "(1) If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, and hashish, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:
 {¶ 20} "* * *.
 {¶ 21} "* * *.
 {¶ 22} "(c) If the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated possession of drugs is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree."
 {¶ 23} R.C. 2925.01(K) provides "`Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 24} In State v. Jackson, 11th Dist. No. 2002-A-0039, 2003-Ohio-5863, we held that "`[p]ossession' does not require actual physical possession; constructive possession will suffice." Id. at ¶ 30 quotingState v. Ramirez, 10th Dist. No. 01AP-859, 2002-Ohio-4298, at ¶ 25. Constructive possession exists when a person knowingly exercises dominion and control over an object, even though the object may not be within his immediate physical possession. Id. citing Mentor v. Welch, 11th Dist. No. 2002-L-011, 2002-Ohio-6589, at ¶ 8.
 {¶ 25} Appellant argues the state failed to present any evidence to establish he had possessed the 46.01 grams of methamphetamine found in the basement. Specifically, appellant argues the state failed to present evidence to establish he was in the house on the date of the offense, and that he knew of the manufacture of drugs in the basement of his home. We disagree. The state presented the testimony of McFarland's girlfriend, Carrie Varner ("Varner"). Varner testified she had seen appellant and McFarland together in the basement and that methamphetamine was being manufactured in the basement. She also testified she had seen McFarland and appellant come upstairs from the basement with the finished product. The state also presented evidence that appellant exited the back of the house and fled when police arrived on July 10, 2003.
 {¶ 26} When we view this evidence in the light most favorable to the prosecution, we cannot say there was insufficient evidence to sustain appellant's conviction for aggravated possession of drugs.
 {¶ 27} Appellant's first assignment of error is without merit.
 {¶ 28} In his second assignment of error, appellant argues the trial court erred in denying his motion for mistrial. Appellant moved for a mistrial based on the conduct of the prosecutor who revealed appellant's prior conviction for domestic violence to the jury and displayed physical evidence to the jury, which the trial court had excluded.
 {¶ 29} The decision to grant a mistrial rests in the sound discretion of the trial court. We will reverse the trial court's decision only if it has abused its discretion. State v. Treesh, 90 Ohio St.3d 460, 480,2001-Ohio-4. A court should only grant a mistrial when a fair trial is no longer possible. Id.
 {¶ 30} Appellant first moved for a mistrial after the prosecutor attempted to cross-examine him with respect to his prior conviction for domestic violence. The trial court instructed the jury to disregard the question.
 {¶ 31} The second motion ensued after the prosecutor held a motel registration card while cross-examining appellant. During its case in chief, the state presented the testimony of appellant's neighbor, Robert Burkey. Burkey testified that on July 10, 2003, appellant came to his house and said the police were at his (appellant's) house. Burkey testified he did not want appellant at his house and therefore, took appellant to a local motel and rented a room in his (Burkey's) name.
 {¶ 32} Appellant testified and denied Burkey's version of events. While cross-examining appellant, the prosecutor held the motel registration record, which the trial court had previously ruled was inadmissible. Appellant moved for a mistrial. The trial court denied the motion. It found the prosecutor held the card over the lectern but did not hold it up or wave it.
 {¶ 33} With respect to appellant's first motion for mistrial, we presume the jury followed the trial court's curative instruction. Statev. Franklin (1991) 62 Ohio St.3d 118, 127. Thus, we cannot say appellant did not receive a fair trial and the trial court did not abuse its discretion in denying appellant motion.
 {¶ 34} With respect to appellant's second motion, it does not appear from the record that the jury was able to discern what the prosecutor was holding during appellant's cross-examination, especially given the trial court's finding that the prosecutor was merely holding the card, rather than waiving it around as appellant contends. While we do not condone the prosecutor's conduct, we cannot say it denied appellant a fair trial. The trial court did not abuse its discretion in denying appellant's second motion for mistrial.
 {¶ 35} Appellant's second assignment of error is without merit.
 {¶ 36} For the foregoing reasons, appellant's assignments of error are without merit, and the judgment of the Ashtabula County Court of Common Pleas is affirmed.
O'Neill, J., O'Toole, J., concur.
[1] Although appellant arguably assigns error to the trial court's denial of his Crim.R. 29 motion with respect to both the aggravated possession of drug charge and the illegal assembly or possession of chemicals for the manufacture of drugs charge he presents argument only with respect to the former. Therefore, we do not address appellant's assignment of error with respect to the charge of illegal assembly or possession of chemicals for the manufacture of drugs charge. App.R. 12(A)(2).