DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendants-Appellants Lee Porter and Joseph Thomas have appealed their convictions in the Summit County Court of Common Pleas of having a weapon under disability. This Court affirms.
 I {¶ 2} Defendants-Appellants Lee Porter and Joseph Thomas were both indicted on March 14, 2005. Both were indicted on one count of illegal manufacture of drugs, in violation of R.C. 2925.04(A), a felony of the second degree; one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the second degree; one count of having weapons while under disability, a felony of the third degree;[1] one count of possessing criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree; and one count of possession of marijuana, in violation of R.C. 2925.11(A), a minor misdemeanor. Porter was arraigned on March 16, 2005 where he entered a plea of "not guilty." Thomas waived arraignment and entered a plea of "not guilty." On October 18, 2005, Thomas and Porter were jointly tried before a jury in the Summit County Court of Common Pleas. On October 19, 2005, the jury convicted both Thomas and Porter on count three of the indictment, having weapons under disability. Appellants were jointly acquitted of the remaining counts in the indictment. Porter was sentenced to four years incarceration. Thomas was sentenced to two years incarceration.
 {¶ 3} Thomas and Porter timely appealed. On May 2, 2006, the State filed a motion with this Court to consolidate Thomas and Porter's appeals. On May 24, 2006, this Court granted the State's motion to consolidate the appeals. Appellants have filed identical briefs, asserting the same two assignments of error, which have been consolidated for our review.
 II Assignment of Error Number One
"APPELLANTS' CONVICTIONS WERE BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW."
 Assignment of Error Number Two
"APPELLANTS' CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} In their assignments of error, Appellants have argued that their convictions were based on insufficient evidence and were against the manifest weight of the evidence. Specifically, Appellants have argued that there was a complete absence of evidence to establish that Appellants had possession of the weapon in question. Further, Appellants have argued that Appellants' acquittal on all of the other counts indicates that the jury acted arbitrarily and created a manifest miscarriage of justice concerning count three. We disagree.
 {¶ 5} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citingState v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks, 61 Ohio St.3d paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 6} In State v. Roberts, this Court explained:
"[S]ufficiency is required to take a case to the jury. * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. (Emphasis omitted).
 {¶ 7} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
"[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340.
 {¶ 8} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court.Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten,33 Ohio App.3d at 340.
 {¶ 9} Appellants were convicted of having a weapon under disability in violation of R.C. 2923.13(A)(2)/(A)(3). Pursuant to R.C. 2923.13(A), no person under disability "shall knowingly acquire, have, carry, or use any firearm or dangerous ordinance[.]" It is undisputed that Appellants were under disability pursuant to R.C. 2923.13(A)(2)/(A)(3). It is also undisputed that officers from the Akron Police Department found a fully operational .44 caliber Smith and Wesson Magnum revolver and a speed loader in the kitchen of the residence located at 177 Hyde Street, Akron, Ohio. Furthermore, Appellants admitted to living at the residence.
 {¶ 10} Appellants have specifically challenged the "have" element of the R.C. 2923.13(A). That is, they have challenged the evidence supporting the finding that they "had" a firearm as required by the statute.
 {¶ 11} "In order for an individual to `have' a firearm with the meaning of R.C. 2923.13, he must actually or constructively possess it." State v. Najeway, 9th Dist. No. 21264, 2003-Ohio-3154, at ¶ 10, citing State v. Martinsons (June 17, 1998), 9th Dist. Nos. 2708-M 2713-M, at 6. "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." (Quotations and citation omitted). State v. Dent, 9th Dist. No. 22567, 2005-Ohio-5498, at ¶ 11. "[M]ere access to the weapon can establish guilt, that is, ownership is not a prerequisite to determining whether someone had the weapon." (Quotations and citations omitted). Id. "`Moreover, circumstantial evidence can be used to support a finding of constructive possession.'" (Citations omitted). Id., quoting Najeway at ¶ 10. Finally, possession may be individual or joint. State v. Wolery (1976), 46 Ohio St.2d 316, 332.
 {¶ 12} The record reflects that Porter and Thomas sublet rooms in the residence at 177 Hyde Street, Akron, Ohio and paid their rent to one Robert Williams. The record also reflects that the weapon at issue was found in the kitchen of said residence. A kitchen is a common area, one that is generally open and accessible to those living in the home. In State v. Mack, 9th Dist. No. 22580, 2005-Ohio-5808, we held that jury could find that a handgun discovered under a couch cushion in the living room was within the constructive possession of the defendant. Id. at ¶¶ 20-21. In contrast, in State v. Olekshuk, 11th Dist. No. 2005-A-0030, 2005-Ohio-5275, the appellate court found the evidence of constructive possession lacking based in part on the fact that the illegal drugs in question were in a locked basement which the appellant did not have access to. Id. at ¶ 26.
 {¶ 13} In the present case, there is no evidence in the record that Appellants were restricted from the kitchen. There is no evidence that Appellants' access to the kitchen was limited in any way. There is no evidence that the kitchen was closed off by a locked door, as was the case in Olekshuk. Nor was there any evidence presented that Williams had ordered Appellants to stay out of the kitchen. Therefore, because the facts in the instant matter indicate that Appellants had unfettered access to the kitchen, and ultimately the weapon located therein, it is reasonable to conclude that Appellants had constructive possession of the weapon. See Dent at ¶ 11.
 {¶ 14} The record indicates that Appellants lived at the Hyde Street residence and that Porter knew that drugs and weapons were present. Specifically, Porter knew the location of the handgun in an unlocked kitchen drawer. A reasonable jury could infer that Porter knew the location of the gun because he had seen it, and therefore had access to the kitchen. While such a conclusion may not be the only explanation for how Porter knew the gun's location, it is a logical inference, and one the jury was entitled to make. Therefore, a reasonable jury could conclude that Appellants constructively possessed the weapon. State v.Daniels (June 3, 1998), 9th Dist. No. 18761, at 4, quotingJenks, 61 Ohio St.3d at paragraph one of the syllabus (stating "`[w]hen the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.'").
 {¶ 15} Appellants have also argued that the inconsistency between the verdicts demonstrates that the jury lost its way when finding that Appellants had possession of the weapon. However, this Court has held that inconsistent verdicts "`should not necessarily be interpreted as a windfall to the Government at the defendant's expense.'" State v. Norris, 9th Dist. No. 21619,2004-Ohio-2516, at ¶ 5, quoting United States v. Powell (1984),469 U.S. 57, 65, 105 S.Ct. 471, 83 L.Ed.2d 461. Therefore, a "conviction will generally be upheld irrespective of its rational incompatibility with [an] acquittal [on a separate count]." (Quotations and citations omitted). Norris at ¶ 5. Because the law does not require consistency between the verdicts of separate counts, we disregard this argument. Id. at ¶ 6.
 {¶ 16} After a careful review of the record, we conclude that a reasonable finder of fact could have found the weapon to be within the constructive possession of Appellants. Therefore, we cannot conclude that the jury clearly lost its way when it found Appellants guilty of having a weapon under disability. As stated above, "a determination that [a] conviction is supported by the weight of the evidence [is] also * * * dispositive of the issue of sufficiency." Roberts at 4. "Accordingly, having found Appellants['] conviction was not against the manifest weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence." Dent at ¶ 19.
 {¶ 17} Appellants' first and second assignments of error lack merit.
 III {¶ 18} Appellants' assignments of error are overruled. The judgments of the Summit County Court of Common Pleas are affirmed.
Judgments affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Moore, J. Boyle, J. Concur.
[1] Porter was indicted for violating R.C. 2923.13(A)(2)/(A)(3) and Thomas was indicted for violating R.C. 2923.13(A)(2).