[Cite as *State v. Gaines*, 2016-Ohio-5884.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2015-T-0138 |
| KEVIN ANTHONY GAINES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CR 00727.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Stephen A. Turner,* Turner, May & Shepherd, 185 High Street, N.E., Warren, OH 44481 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Kevin A. Gaines, appeals his conviction for Improperly Handling Firearms in a Motor Vehicle following a jury trial in Trumbull County. The issues before this court are whether a defendant is deprived of constitutionally effective assistance of counsel where counsel fails to file a motion to suppress an inventory search of a motor vehicle and whether evidence of a partially

concealed firearm under the passenger seat is sufficient evidence of possession to sustain a conviction for Improperly Handling Firearms in a Motor Vehicle. For the following reasons, we affirm the decision of the court below.

{¶2} On October 28, 2014, the Trumbull County Grand Jury returned an Indictment charging Gaines with Improperly Handling Firearms in a Motor Vehicle, a felony of the fourth degree in violation of R.C. 2923.16(B) and (I).

{¶3} On December 22, 2014, Gaines entered a plea of not guilty.

{¶4} On November 9 and 10, 2015, a jury trial was held.

{¶5} The following testimony was presented on behalf of the State:

{¶6} Officer Zack Jones of the Warren City Police Department testified that on September 2, 2014, at approximately 10:00 p.m., he was on uniform patrol in a marked cruiser. Travelling eastbound on Oak Street, Southwest, Officer Jones heard loud music coming from a red Dodge Stratus in front of him. Near the intersection of Oak Street and Todd Avenue, he initiated a traffic stop. He identified Gaines as the driver and sole occupant of the vehicle which, by tracing the license plate number, was determined to belong to a Starlet Payne.

{¶7} Officer Jones described Gaines as "nervous"; "his eyes were glassy"; "his speech was slightly slurred"; "the vehicle did smell strongly of marijuana and alcohol"; and there was "an open container of beer * * * spilling on the passenger floor." Gaines admitted to recently smoking marijuana. Gaines did not have a valid driver's license.

{¶8} Officer Jones removed Gaines from the vehicle and detained him in handcuffs in the back of the cruiser. Two additional officers arrived on the scene "to begin the inventory of the vehicle," specifically "a tow inventory incident to arrest."

2

While Officer Jones was questioning Gaines, one of the officers (Peter Goranitis) found a Springfield Armory .45 ACP semiautomatic handgun lying on the passenger side floor of the vehicle. Officer Jones later fired the handgun to confirm its operability. Additionally, prescription Albuterol was found on the rear seat of the vehicle.

{¶9} Officer Jones testified that, at this point,

> Mr. Gaines was transported to the Trumbull County Jail, and I [Officer Jones] returned to the station with the officers after they completed the tow inventory of the vehicle and the towing company retrieved the vehicle and we completed the report and logged it in.

{¶10} Patrolman Peter Goranitis of the Warren Police Department testified that on September 2, 2014, he and an Officer Chinchick assisted Officer Jones in conducting a traffic stop. Officer Jones advised him that the male subject had a suspended license and the smell of marijuana was coming from the vehicle. Patrolmen Goranitis "went to the car to conduct the inventory search" and "to search inside of the vehicle as it smelled of marijuana," and found "a silver handgun protruding from the passenger seat." There was a bullet in the chamber.

{¶11} At this point, Patrolman Goranitis "placed [Gaines] in handcuffs"; "did a better inventory search of the vehicle"; and "had the suspect get out of the car just so we could search his person a little better before taking him to the County Jail."

{¶12} The jury found Gaines guilty of Improperly Handling Firearms in a Motor Vehicle.

{¶13} On November 30, 2015, a sentencing hearing was held. At the conclusion of the hearing, the trial court sentenced Gaines to eighteen months in prison, to be served consecutively with the prison sentence imposed in Trumbull County Court of Common Pleas Case No. 2014-CR-999.

3

{¶14} On December 9, 2015, the trial court journalized the Entry on Sentence.

{¶15} On December 30, 2015, Gaines filed a Notice of Appeal. On appeal, Gaines raises the following assignments of error:

{¶16} "[1.] The appellant received ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."

{¶17} "[2.] The State failed to produce evidence that was legally sufficient to sustain the jury's verdict that appellant knowingly transported a firearm in the motor vehicle."

{¶18} In the first assignment of error, Gaines maintains "that the inventory search [of] the motor vehicle was improper and that * * * trial counsel should have filed a motion to suppress the evidence obtained as a result of that improper search." Appellant's brief at 6.

{¶19} To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶20} "When claiming ineffective assistance due to failure to file or pursue a motion to suppress, an appellant must point to evidence in the record showing there was a reasonable probability the result of trial would have differed if the motion had been filed or pursued." (Citation omitted.) *State v. Weimer*, 11th Dist. Lake No. 2013-L-

4

088, 2013-Ohio-5651, ¶ 38; *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶ 35 ("where the record contains no evidence justifying a motion to suppress, defendant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion") (citation omitted).

{¶21} "[I]nventory searches of lawfully impounded vehicles are reasonable under the Fourth Amendment when performed in accordance with standard police procedure and when the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of the impounded vehicle." *State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 22 (cases cited); *State v. Robinette*, 80 Ohio St.3d 234, 238, 685 N.E.2d 762 (1997) (Section 14, Article I of the Ohio Constitution affords the same protection as the Fourth Amendment).

{¶22} City of Warren "[p]olice officers are authorized to provide for the removal of a vehicle * * * [w]hen any vehicle has been operated by any person who is driving without a lawful license or while his license has been suspended or revoked." Warren Codified Ordinances 303.08(a)(9).

{¶23} Gaines contends that the inventory search of the vehicle should have been challenged on the grounds that Patrolman Goranitis "had no basis to judge whether or not the vehicle was 'properly impounded'": "[t]here was no testimony that the officers discussed whether [Gaines] was then under arrest or whether the motor vehicle he was driving would indeed need [to be] towed." Appellant's brief at 8.

{¶24} Contrary to Gaines' position, there is no basis for challenging the search on the grounds that the vehicle was not lawfully impounded. That Gaines did not have

5

a valid driver's license is not disputed. That the police officers were authorized by Warren Codified Ordinances 303.08(a)(9) to impound the vehicle cannot be disputed.

{¶25} Whether Gaines was under arrest when Patrolman Goranitis began his inventory of the vehicle is immaterial.

{¶26} "Inventory searches have been upheld not because of their relationship to an arrest, but because of their relationship to legitimate custodial purposes." *State v. Raines*, 4th Dist. Ross No. 1426, 1988 Ohio App. LEXIS 4642, 11 (Nov. 16, 1988). As stated by the United States Supreme Court, it "has consistently sustained police intrusions into automobiles impounded or otherwise in lawful police custody where the process is aimed at securing or protecting the car and its contents." *South Dakota v. Opperman*, 428 U.S. 364, 373, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *Blue Ash v. Kavanagh*, 113 Ohio St.3d 67, 2007-Ohio-1103, 862 N.E.2d 810, ¶ 11. Such intrusions are justified for a myriad of reasons apart from the custodial arrest of the driver of the vehicle, such as when a damaged or disabled vehicle impedes the flow of traffic or when a vehicle is parked illegally. *Opperman* at 368-369.

{¶27} The facts of the present case parallel those in *State v. Wotring*, 11th Dist. Lake No. 2010-L-009, 2010-Ohio-5797. In *Wotring*, the police stopped the defendant for speeding and discovered that her license was suspended. Although the officers did not anticipate a "physical arrest to take place," the vehicle was impounded and inventoried: "Detective Radigan testified that '[a]nytime the vehicle owner is the driver and has a suspended license, [it is Mentor's policy] to tow the vehicle.'" Illegal drugs were found during the search. *Id.* at ¶ 3-4. This court upheld the search, "[f]inding the

impoundment of appellant's vehicle lawful" and that "[t]he inventory search was properly conducted." *Id.* at ¶ 36 and 52.

{¶28} Gaines suggests that there were indications that the search in the present case was not properly conducted. He claims that Patrolman Goranitis' testimony that he returned to conduct a "better inventory search" of the vehicle "gives rise to the conclusion that there was some defect or issue with the initial search in which he found the firearm, and that the first search was not done in accordance with standard or established procedures." Appellant's brief at 8. We disagree.

{¶29} Patrolman Goranitis' testimony only suggests that the initial search was interrupted by the discovery of the firearm immediately upon opening the passenger door and that it was necessary to return to the vehicle to complete the inventory. The testimony of both officers suggests that impoundment was standard procedure given the circumstances.

{¶30} Gaines further asserts that the search was a pretext for finding incriminating evidence inasmuch as "the officer said as much during his testimony." Appellant's brief at 9. Again, we disagree.

{¶31} The Ohio Supreme Court has held that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement." *State v. Moore*, 90 Ohio St.3d 48, 49, 734 N.E.2d 804 (2000). In the present case, Officer Jones smelled marijuana and Gaines admitted smoking marijuana. A search for marijuana is not pretextual where there is probable cause to believe that the vehicle contains evidence of a crime involving marijuana.

**{¶32}** Gaines has failed to demonstrate a reasonable probability that the result of the trial would have been different had trial counsel filed a motion to suppress.

**{¶33}** The first assignment of error is without merit.

**{¶34}** In the second assignment of error, Gaines argues there was insufficient evidence to convict him of Improperly Handling Firearms in a Motor Vehicle.

**{¶35}** "A claim of insufficient evidence invokes a due process concern and raises the question whether the evidence is legally sufficient to support the verdict as a matter of law." *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 118; *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶36}** The Improperly Handling Firearms in a Motor Vehicle statute provides: "No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." R.C. 2923.16(B). "A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

**{¶37}** Gaines contends there was insufficient evidence that he "intended to exert dominion or control over th[e] firearm": "the only thing linking [Gaines] with the gun * * * [was] their mutual presence in a motor vehicle that did not belong to [Gaines]"; "[t]here

8

was no testimony presented as to the ownership of the firearm or that it actually belonged to [Gaines]; only that it had not been reported stolen." Appellant's brief at 13.

{¶38} Contrary to Gaines' position, it was not necessary to prove that he owned or exerted dominion/control over the firearm, but, rather, that he knowingly transported the firearm and that it was accessible to him. Both officers in this case testified that the firearm was visible from inside the vehicle and accessible to Gaines as the driver and sole occupant of the vehicle. Thus, there was sufficient evidence to support the conviction. *State v. Williams*, 11th Dist. Trumbull No. 2005-T-0123, 2006-Ohio-6689, ¶ 5, 37 (evidence of a partially visible firearm beneath the front passenger's seat was sufficient to convict the driver of Improperly Handling Firearms); *State v. Bartee*, 9th Dist. Summit No. 25266, 2010-Ohio-5982, ¶ 12 (evidence that "[t]he gun was located in the car, on the floorboard on the passenger's side; a position that would make the weapon easily accessible to Mr. Bartee [the driver] without him even exiting the vehicle" was sufficient to support a conviction of Improperly Handling Firearms).

{¶39} Gaines' reliance on *State v. Hart*, 61 Ohio App.3d 37, 572 N.E.2d 141 (8th Dist. 1988), is misplaced. The defendant in *Hart* was convicted of "carrying a concealed weapon and having a weapon while under disability," both of which required the State to prove that he knowingly "had" or "carried" a firearm. *Id.* at 39-40. In *Hart*, "[t]he gun was found in a car that belonged to the sister of the driver, on the driver's side, in which appellant was a passenger." *Id.* at 40. Thus, it was necessary to prove the defendant's constructive possession of the firearm. Here, the essential elements were that Gaines transported the firearm (undisputed), that he knew of its presence (inferable from its

9

visibility), and that it was accessible to him (inferable from its proximity).  Accordingly, *Hart* is distinguishable from the present case.

{¶40}  The second assignment of error is without merit.

{¶41}  For the foregoing reasons, Gaines' conviction of Improperly Handling Firearms in a Motor Vehicle is affirmed.  Costs to be taxed against the appellant.

CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.