{¶ 45} The majority correctly notes that the "Ohio Supreme Court has recently stated that the abuse of discretion standard [sic] [of] review is the appropriate standard to apply in postconviction relief proceedings." ¶ 26 citing White at ¶ 45. Yet the majority reviews Mr. Williams' postconviction petition de novo, believing that the traditional standard of review of a summary judgment should apply. Because I find the trial court did not abuse its discretion in awarding summary judgment to the state, but disagree with the standard of review applied, I concur in judgment only.
 {¶ 46} "A petition for postconviction relief is a statutory vehicle designed to correct the violation of a defendant's constitutional rights." State v. Hillman, 10th Dist. Nos. 06AP-1230 and 07AP-728,2008-Ohio-2341, ¶ 60, quoting State v. Hessler, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 22. While the majority is correct in its assertion that a "postconviction relief proceeding is a `collateral civil attack on judgment'" ¶ 27, *Page 15 
citing Gondor at ¶ 48, by its very nature, "postconviction relief is a narrow remedy that affords appellant no rights beyond those granted bystatute." Calhoun at 281. As such, it is governed solely by R.C. 2953.21
and the civil rules apply only in so far as the statutory provisions dictate.
 {¶ 47} "Pursuant to R.C. 2953.21(A), any person who has been convicted and who claims that there has been such a denial or infringement of his rights as to render the conviction void or voidable under the Ohio or the United States Constitution may file a petition stating the grounds for relief relied upon and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit or other documentary evidence in support of his claim." State v. Drummond, 7th Dist. No. 05MA197,2006-Ohio-7078, ¶ 12, citing R.C. 2953.21(A). "Either party can move for summary judgment; although, it is typically the state that would file such motion." Id., see R.C. 2953.21(D). Furthermore, "[u]nlike the summary judgment procedure in civil cases, in postconviction relief proceedings, the trial court has presumably been presented with evidence sufficient to support the original entry of conviction, or with a recitation of facts attendant to an entry of a guilty or no-contest plea. The trial court may, under appropriate circumstances in postconviction relief proceedings, deem affidavit testimony to lack credibility without first observing or examining the affiant. That conclusion is supported by common sense, the interests of eliminatingdelay and unnecessary expense, and furthering the expeditiousadministration of justice." (Emphasis added.) Id. at ¶ 19, citingCalhoun at 284.
 {¶ 48} In State v. Gondor, supra, the Supreme Court of Ohio explained that in postconviction cases, a trial court acts as a gatekeeper. The court established in State *Page 16 v. Calhoun, supra, that "a court reviewing the trial court's decision in regard to its gatekeeping function should apply an abuse of discretion standard." The court further remarked in Gondor that "the consistentapproach is to grant that same level of deference to the trial court inregard to its post-hearing decision." Thus, the court held that an abuse of discretion standard of review applies in a dismissal of a petition, whether or not a hearing is granted. (Emphasis added.) Id. at ¶ 51-52.
 {¶ 49} The Supreme Court of Ohio reaffirmed the abuse of discretion standard in postconviction relief proceedings in the recent case,State v. White, supra, stating "[r]ecently, in State v. Gondor,112 Ohio St.3d 377, 2006-Ohio-6679, we considered the standard for appellate review of post-conviction proceedings. We held that abuse of discretion is the appropriate standard." Id. at ¶ 45.
 {¶ 50} Thus, the civil rules apply only insofar as to carry out the statutory provisions of R.C. 2953.21. Although civil in nature, it is a criminal judgment that is being attacked, and thus, a petition for postconviction relief is a hybrid procedural vehicle. While the statutory procedure for determination of a petition is counterintuitive in its application of the civil rules, the case law which has developed to explain the application is now clear. Therefore, we give the trial court wide discretion, as we have seen, in such matters as judging the credibility of affidavits and the extent to which the discovery rules apply. See Calhoun, and State v. Keith, 3d No. 3-07-8, 2008-Ohio-741, ¶ 26
(because discovery is not available in the initial stages of a post-conviction proceeding, the trial court did not err in denying appellant's petition without allowing discovery). *Page 17 
 {¶ 51} Whether or not the trial court summarily dismisses the petition, rules on either party's motion for summary judgment, or dismisses after an evidentiary hearing, the weight of authority, as clarified by the Supreme Court of Ohio's holdings in Gondor andWhite, establishes that regardless of the procedural vehicle used to seek dismissal of a petition, the standard of review remains the same and that standard is abuse of discretion. Indeed, the clarity, consistency, and expeditious review of a petition for postconviction relief mandates that a uniform standard of review should be applied. SeeState v. Hayden, 2d No. 21764, 2007-Ohio-5572, ¶ 20 (trial court appropriately exercised its discretion in dismissing appellant's petition for postconviction relief and in rendering summary judgment in favor of the state); State v. Keith, supra; State v. Hillman, supra;State v. Hines, 8th Dist. No. 89848, 2008-Ohio-1927.
 {¶ 52} Because I would review Mr. Williams' petition for postconviction relief under an abuse of discretion, I concur in judgment only.