OPINION
{¶ 1} This is an appeal from the Franklin County Court of Common Pleas, which convicted defendant-appellant, Charles Littlefield, of one count of theft in violation of R.C. 2913.02. He takes this appeal assigning one assignment of error:
 The trial court erred when it denied defense counsel's Rule 29 motion when the evidence presented on behalf of the State was insufficient to sustain this finding by proof beyond a reasonable doubt and the judgment was against the manifest weight of the evidence presented.
We affirm the judgment of the trial court. *Page 2 
 {¶ 2} The facts in this case are essentially undisputed. Littlefield and a companion broke the door lock on the passenger side and entered a vehicle parked in an apartment house parking lot. They jimmied the lock on the steering column and started the car. The car's owner, Sharon Solis, heard the car start, saw them in the car and called the police. Littlefield and his confederate were unable to move the gear shift or to get the car in gear. They rifled through the glove box, took some items, and then walked away from the car. Bexley Police Officer Benjamin Vermaaten, responding to the call, saw them walking down the street and saw one of them drop something. The police officer apprehended them on the street and found that the dropped items had come from the Solis car. These items were not part of the state's evidence on the theft charge.
 {¶ 3} After the close of the state's case, defense counsel made a Crim. R. 29 motion to acquit which was overruled by the trial court.
 {¶ 4} An appellate court, when reviewing a case to determine if the record contains sufficient evidence to support a criminal conviction, must examine the evidence admitted at trial to determine whether this evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Thompkins (1997),78 Ohio St.3d 380, 386. The test is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307,319, 99 S.Ct. 2781, 2789. The sufficiency-of-the-evidence test gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh *Page 3 
the evidence, and to draw reasonable inferences from basic facts to ultimate facts. State v. Kirby, 10th Dist. No. 06AP-297, 2008-Ohio-3107;Jackson, 443 U.S. at 319, 99 S.Ct. at 2789.
 {¶ 5} This court's recent decision in State v. Hillman, 10th Dist. No. 06AP-1230, 2008-Ohio-2341 sets out the standard for a weight-of-the-evidence question:
 A manifest weight argument is evaluated under a different standard. "The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other." State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 16, citation omitted. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must disagree with the fact finder's resolution of the conflicting testimony. Thompkins, supra, at 387. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed * * *.
 {¶ 6} Littlefield argues that because he was unable to move the car he was unable to deprive the owner of her property. Thus, he asserts, the state failed in its case to prove every element of the offense, and the Crim. R. 29 motion should have been granted.
 {¶ 7} We agree with appellant's contention that intent to deprive is an element of theft. Appellant, however, seems to misconstrue the conduct barred by R.C. 2913.02, which provides, in part, as follows:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: *Page 4 
 (1) Without the consent of the owner or person authorized to give consent.
 {¶ 8} This code section prohibits one from exerting control over the property of another with the intent to deprive. After viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that breaking the door lock and disabling the steering column was exerting control over Solis's car. Nobody could find that starting the car was done with any intent other than to deprive the owner of it. People do not hot wire cars with the intent of leaving them where they currently are. There is sufficient evidence in the record to establish all the elements of theft.
 {¶ 9} In a similar vein, the manifest weight of the evidence shows that all the elements of the crime have been proven beyond a reasonable doubt. Indeed the evidence compels that conclusion.
 {¶ 10} The trial court was correct in overruling the Crim. R. 29 motion to acquit.
 {¶ 11} Appellant's assignment of error is not well taken and is overruled. We affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and FRENCH, JJ. concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1